UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONILLE DIVISION

ROSA L. BROWN-CLARK,

        Plaintiff,

v.                                    Case No. 3:21-cv-1284-MAP

COMMISSIONER OF SOCIAL SECURITY

        Defendant.

_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claims for a period of disability and disability insurance benefits (DIB).  Plaintiff argues that the Administrative Law Judge (ALJ) committed reversible error by concluding she has an RFC for light work as neither of her treating physicians, Abraham Rogozinski and Ismail Salahi, found her capable of such work, and erred in her vocational assessment by failing to consider and give proper weight to the opinions of Plaintiff's vocational expert, C. Kimball Heartsill.  As the ALJ's decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    *I.*    *Background*

Plaintiff, who was born in 1962, claimed disability beginning July 3, 2019 (Tr. 186).  She was 56 years old on the alleged onset date.  Plaintiff attended two years of college and earned a nursing certificate (Tr. 191).  Her past relevant work experience included work as an administrative assistant at Mayo Clinic from 2009 through 2019

(Tr.191).  Plaintiff alleged disability due to chronic back and leg pain and depression (Tr. 190).

Given her alleged disability, Plaintiff filed an application for a period of disability and DIB (Tr. 159-60).  The Social Security Administration (SSA) denied Plaintiff's claims both initially and upon reconsideration (Tr. 57, 93, 68, 102).  Plaintiff then requested an administrative hearing (Tr. 111).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 12-37).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 15-31).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2025, and had not engaged in substantial gainful activity since July 3, 2019, the alleged onset date (Tr. 17).  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had one severe impairment, disorders of the lumbar spine (Tr. 18).  Notwithstanding the noted severe impairment and her mild adjustment disorder associated with back pain, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18-19).  The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work except that she can lift up to ten pounds frequently and occasionally; needs to avoid ladders or unprotected heights; needs to avoid operation of heavy, moving machinery; occasionally bend, crouch, kneel, or stoop, but needs to avoid squatting or

crawling; needs to avoid the operation of foot controls; needs a monocane for ambulation; and needs a sit/stand option, meaning that she may sit or stand at her option to perform the work assigned (Tr. 20). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 20).

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), the ALJ determined that Plaintiff could perform her past relevant work as an administrative assistant (Tr. 29). In addition to the past relevant work, given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as the job of receptionist, DOT 237.367-010 (Tr. 30). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 31). Given the ALJ's finding, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

II.    *Standard of Review*

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  20 C.F.R. § 404.1520(a)(4).  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. § 404.1520(a)(4)(v).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

III.    Discussion

Plaintiff argues that the ALJ erred by concluding she has an RFC for light work as neither of her treating physicians, Abraham Rogozinski and Ismail Salahi, found her capable of such work; and erred in her vocational assessment by failing to consider and give proper weight to the opinions of Plaintiff's vocational expert, C. Kimball Heartsill.

For the foregoing reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

A.  RFC

A claimant's RFC is the most work she can do despite any limitations caused by her impairments. 20 C.F.R. § 404.1545(a)(1).  Plaintiff asserts that the ALJ erred in formulating the RFC because he concluded she is capable of performing "light work" even though none of her treating doctors found her capable of performing "light work."  This argument implies that the ALJ was required to base the RFC findings on a doctor's opinion.  This is not so.  *See generally Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923-24 (11th Cir. 2007).  Rather, a claimant's RFC is a formulation reserved for the ALJ, who, of course, must support his findings with substantial evidence.  *See* 20 C.F.R. § 404.1546(c); *Beegle v. Comm'r of Soc. Sec.*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."); *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (the assessment of a claimant's RFC and corresponding limitations are "within the province of the ALJ, not a doctor").

To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms.  20 C.F.R. § 404.1545(a)(1).  In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each.  20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e); *see Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) (*per curiam*) (citation omitted) ("Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC"); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (the "ALJ must consider the applicant's medical condition taken as a whole").  In doing so, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; medical source statements; daily activities; evidence from attempts to work; lay evidence; recorded observations; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions.   20  C.F.R.  §§  404.1529(c)(3)(i)-(vii),  404.1545(a)(3);  Social  Security

Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

Previously, in the Eleventh Circuit, an ALJ was required to afford the testimony of a treating physician substantial or considerable weight unless "good cause" was shown to the contrary. *Winschel*, 631 F.3d at 1179; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (citation omitted). Good cause existed where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citation omitted). Claims filed on or after March 27, 2017, however, are governed by a new regulation applying a modified standard for the handling of opinions from treating physicians. *See* 20 C.F.R. § 404.1520c; *see also Schink*, 935 F.3d at 1259 n.4. For such claims, the new regulations remove the "controlling weight" requirement when considering the opinions of treating physicians for applications submitted on or after March 27, 2017. 20 C.F.R. § 404.1520c(a). Indeed, the Eleventh Circuit recently concluded that, since the new regulations fall within the scope of the Commissioner's authority and are not arbitrary and capricious, the new regulations abrogate the Eleventh Circuit's prior precedents applying the so-called treating-physician rule. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022). Since Plaintiff submitted her application for benefits on February 3, 2020, the ALJ properly applied the new regulation.

Namely, under 20 C.F.R. § 404.1520c, an ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative finding, including from a claimant's medical source. 20 C.F.R. § 404.1520c(a). Rather, in assessing a medical opinion, an ALJ considers a variety of factors, including but not limited to whether an opinion is well-supported, whether an opinion is consistent with the record, the treatment relationship between the medical source and the claimant, and the area of the medical source's specialization. 20 C.F.R. § 404.1520c(c)(1)-(4). The primary factors an ALJ will consider when evaluating the persuasiveness of a medical opinion are supportability and consistency. 20 C.F.R. § 404.1520c(a) & (b)(2). Specifically, the more a medical source presents objective medical evidence and supporting explanations to support the opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(1). Further, the more consistent the medical opinion is with the evidence from other medical sources and nonmedical sources, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(2). And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis – the regulations do not require the ALJ to explain the consideration of each opinion from the same source. *See* 20 C.F.R. § 404.1520c(b)(1). Beyond supportability and consistency, an ALJ may also consider the medical source's specialization and the relationship the medical source maintains with the claimant, including the length of the treatment relationship, the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment

relationship, and whether the medical source examined the claimant, in addition to other factors. 20 C.F.R. § 404.1520c(c)(3)(i)-(v), (4), & (5). While the ALJ must explain how he or she considered the supportability and consistency factors, the ALJ need not explain how he or she considered the other factors.[1] 20 C.F.R. § 404.1520c(b)(2).

Plaintiff argues that the ALJ erred by concluding she is capable of performing a limited range of light work even though her treating physicians, Drs. Rogozinski and Salahi, opined otherwise. Review of the ALJ's decision, however, reveals that the ALJ complied with the applicable regulations in considering the opinion evidence and in formulating his RFC. Specifically, consistent with the new regulations, the ALJ discussed Drs. Rogozinski and Dr. Salahi's treatment records (Tr. 21-27). Subsequently, the ALJ considered Drs. Rogozinski and Dr. Salahi's opinions that Plaintiff can perform sedentary work, finding them unpersuasive as the opinions were inconsistent with the other evidence of record and not supported by the sources' own treatment notes (Tr. 28-29). The ALJ found Dr. Rogozinski's opinions unpersuasive with regard to the limitation to two hours of standing and walking and no frequent lifting, noting that such limitations were "not consistent with the evidence showing that the claimant has normal lower extremity strength with normal stance, balance, and coordination" (Tr. 28). The ALJ explained that he accounted for Dr. Rogozinski's

---

[1] The exception is when the record contains differing but equally persuasive medical opinions or prior administrative medical findings about the same issue. *See* 20 C.F.R. § 404.1520c(b)(3).

limitation related to changing positions hourly by including a sit/stand option in the RFC (Tr. 28).

Similarly, as to Dr. Salahi's opinions, the ALJ found unpersuasive his opinions that Plaintiff can only stand/walk for four hours in an 8-hour workday and can only rarely lift less than ten pounds unpersuasive (Tr. 28). The ALJ found Dr. Salahi's opinion that Plaintiff needs 1-2 unscheduled breaks per day lasting 15 minutes and would miss about three days per month unpersuasive too (Tr. 28). Namely, the ALJ explained that such limitations were not supported by Dr. Salahi's own statement nor that of Dr. Rogozinski's statement that Plaintiff's pain levels were out of proportion with evidence showing she has normal lower extremity strength with normal stance, balance and coordination (Tr. 28). In addition, the ALJ explained that Dr. Salahi's opinions were inconsistent with the evidence that the claimant was able to heel and toe stand and was not thought to be at a risk for falls (Tr. 28).

Beyond that, the ALJ found Dr. Salahi's opinions inconsistent with Plaintiff's objective findings on examination which improved after her recovery period, including her decreased range of motion of the lumbar spine (which Dr. Rogozinski noted improved over time), mild muscle spasm, minimal tenderness to palpation of lumbar spine, and decreased sensation in the right leg (at times in an L4-L5 distribution and at times in a non-dermatomal pattern) (Tr. 29). As further evidence of inconsistency, the ALJ cited to Plaintiff's straight leg raises that were mildly positive at times and negative at other times (Tr. 29). In finding Dr. Salahi's opinions inconsistent with Plaintiff's post-surgery MRI, the ALJ noted that the MRI revealed some scar tissue at

L4-L5 and L5-S1 but no indication of findings warranting further surgical intervention and no indication of progression of the prior degenerative changes at other levels (Tr. 29). The ALJ further found that Dr. Salahi's statement that Plaintiff had a "total lack of response to treatment" not supported by his own treatment records, including Plaintiff's January 2021 report that her medications were controlling her pain well and were helping to improve her qualify of life (Tr. 29).

Furthermore, the ALJ noted that Dr. Salahi's opinions were also inconsistent with Plaintiff's December 2019 report to Dr. Rogozinski that her right leg pain had diminished 50% post-operatively and with other records that indicate she reported some reduction in her pain levels on her medication regimen when taken as prescribed (Tr. 29). Finally, the ALJ found that Dr. Salahi's opinions were inconsistent with Plaintiff's hearing testimony that her medications provided some benefit and medical marijuana caused her to be very euphoric during the day (Tr. 29).

The ALJ properly considered the opinion evidence and provided ample support for his conclusion that the medical evidence of record did not support the extreme limitations set forth by Drs. Rogozinski and Salahi. Beyond the medical evidence of record, the ALJ cited Plaintiff's statements regarding her ability to perform a range of daily activities, including cooking sometimes, going out to eat 2-3 times a week, reading newspapers and romance novels, watching television, listening to music, doing crossword puzzles or word searches, attending church 2-3 Sundays a month, going grocery shopping with her husband every other week, using her computer/tablet/smart phone for Facebook, the internet, email, banking, and games,

and visiting with friends once or twice a month (Tr. 26).  *See* 20 C.F.R. § 404.1529(c)(3)(i)

Though an ALJ may not take on the role of doctor, the final responsibility for determining the RFC remains with the Commissioner, not a physician.  *Leslie v. Comm'r of Soc. Sec.*, 2022 WL 4476661, at *4 (11th Cir. Sept. 27, 2022).  Here, the ALJ did not "play doctor," but rather considered all the evidence of record, including the medical opinions from Drs. Rogzinski and Salahi, in formulating the RFC.  In doing so, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

When reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains enough evidence to support the ALJ's factual findings.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, ___ U.S. ___; 139 S.Ct. 1148, 1154 (2019).  "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Id.*  In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision.  *See Bloodsworth*, 703 F.2d at 1239.  Here, the ALJ properly analyzed the supportability and consistency of Drs. Rogozinski and Salahi's opinions in determining their persuasiveness, as required by 20 C.F.R. § 404.1520c(c).  Hence, upon consideration, the Court finds that there is substantial evidentiary support for the ALJ's RFC evaluation.

B.  Vocational assessment

Plaintiff's next argument is that substantial evidence does not support the ALJ's decision that she is not disabled because the ALJ "totally rejected" the opinions of C. Kimball Heartsill, an individual retained by Plaintiff's counsel to assess Plaintiff's employability/re-employability (Tr. 237-243).  In particular, Plaintiff asserts that the ALJ should have accepted Mr. Heartsill's opinions that:

> 1) Plaintiff's prior job at Mayo was a "composite job" consisting of a unit clerk, a light duty position, and a data entry clerk, a sedentary position;
> 2) Plaintiff's past relevant work history did not allow for transferability of skills to positions that would allow her to perform full time employment at less than the sedentary exertional level, or even at a sedentary exertional level, which would require her to alternate between sitting and standing as needed, particularly when needing a cane for balance; and
> 3) Plaintiff could not perform full-time work consistent with employment at the sedentary or less than sedentary exertional level based upon the physical limitations identified by her treating physician and her lack of transferability of skills to such positions within those limitations;
> 4)  Plaintiff's need for 1-2 additional 15-minute breaks in addition to the usual and customary breaks would prevent Plaintiff from maintaining consistent or continual employment; and
> 5) Plaintiff's absences from work about three days per month would exceed the maximum allowances for absenteeism resulting in an inability to maintain employment on a consistent and continual basis.

*See* Doc. 16 at 13-17.  Of course, as explained above, the ALJ is tasked with determining a claimant's RFC.  An ALJ's RFC assessment is based on all the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms.  20 C.F.R. § 404.1545(a)(1).  It is clear from the ALJ's decision that he considered Mr. Heartsill's report and his opinion that Plaintiff cannot perform full-time consistent employment at a sedentary or less than sedentary exertional level (Tr. 31).  The ALJ

noted that Mr. Heartsill based his opinions on the physical limitations identified by her physicians and her lack of transferability of skills to such positions (Tr. 31). The ALJ explained: "[Mr. Heartsill's] opinion rests in large part on his interpretation of the medical evidence of record, which is outside the area of his expertise, and it is not consistent with the functional limitations included in the claimant's [RFC]. Therefore, it is found not persuasive." (Tr. 31). As already addressed above, I find substantial evidence supports the ALJ's RFC determination. I will address Plaintiff's arguments related to Mr. Heartsill's opinions below.

### 1) Composite job

At step four, a claimant bears the burden of showing she can no longer perform her past relevant work as she actually performed it, or as it is generally performed in the national economy. *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986)). Past relevant work is defined as work (1) which the claimant has performed within the past 15 years; (2) which lasted long enough for the claimant to learn to do it; and (3) which the claimant performed at a substantial gainful activity (SGA) level. 20 C.F.R. § 404.1560(b)(1).

Plaintiff argues that the ALJ erred by failing to adopt Mr. Heartsill's opinion that Plaintiff's previous employment at the Mayo Clinic was a composite job consisting of a unit clerk, a light duty position, and a data entry clerk, a sedentary position. "A composite job is one that has 'significant elements of two or more

occupations and, as such, [has] no counterpart in the DOT.'" *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 954 (11th Cir. 2018) (quoting SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982)). Per the Program Operations Manual System (POMS), past relevant work may qualify as a composite job "if it takes multiple DOT occupations to locate the main duties of the past relevant work as described by the claimant." POMS DI 25005.020. When the claimant's previous work qualifies as a composite job, the ALJ must consider the particular facts of the individual case to consider whether the claimant can perform her previous work as actually performed. *See* SSR 82-61 at *2.

The Commissioner claims that because Plaintiff's failed to put the ALJ on notice or to raise the possibility that her job at Mayo Clinic was not past relevant work as an administrative assistant (DOT 169.167-010), she may not proceed now before this Court upon such a theory. *See* Doc. 19 at 9. As the Commissioner indicates, neither Plaintiff nor her counsel objected to the classification of Plaintiff's prior work as that of an administrative assistant prior to, at, or after the administrative hearing. Nor were any objections made in the request for review of the ALJ's decision. *See* Doc. 19 at 8. Plaintiff herself even described her past job at Mayo Clinic as that of an administrative assistant (Tr. 43, 191, 192, 255). And, during the VE's testimony, Plaintiff's counsel failed to elicit testimony or cross-examine the VE about Plaintiff's past work as an administrative assistant (Tr. 49-55). More importantly, though Plaintiff bears the burden of proof on this issue, she has introduced no evidence about how much time she spent performing additional duties beyond those of the administrative assistant position or otherwise established any such additional duties

was a "significant element" of her job.  *See Smith,* 743 F. App'x at 954 (finding claimant failed to satisfy burden of proof on issue of whether his past relevant work was a composite job).  Thus, I conclude that there is substantial evidence to support the ALJ's finding that Plaintiff's prior job at Mayo Clinic was not a composite job.

Furthermore, as the Commissioner points out, Plaintiff's primary duties at Mayo Clinic, per her job reports, included answering phones, taking messages, typing messages, inputting daily labs, inputting annual appointments and evaluation sheets for patients, inputting patient logs, faxing paperwork to hospitals, patients, and doctors, and keeping track of when a patient had labs (Tr. 43, 191-92, 255). Furthermore, her job *as actually performed* required her to lift less than 10 lbs., walk 1 hour, stand 1 hour, and sit 8 hours, none of which was consistent with light work. Thus, Plaintiff's contention that she performed work as a unit clerk (which is light work) is unsupported.  As a result, I find that Plaintiff has failed to establish that her position was a composite job.  As a result, I find that the ALJ did not err in failing to classify Plaintiff's previous job as a composite job consisting of a unit clerk and a data entry clerk.

### 2) *Transferability of job skills*

Next, Plaintiff complains that the ALJ erred by failing to adopt Mr. Heartsill's opinions that Plaintiff's past relevant work history did not allow for transferability of skills to positions that would allow her to perform full time employment at less than the sedentary exertional level, or even at a sedentary exertional level.  Again, it is the

ALJ's responsibility to determine a claimant's RFC and to support that finding with substantial evidence. *See* 20 C.F.R. § 404.1546(c). The ALJ here has done so, and it is not the job of this Court to re-weigh the evidence or to determine whether a different result could have been reached. *See Bloodsworth*, 703 F.2d at 1239. Furthermore, as the Commissioner notes, Mr. Heartsill did not indicate whether he considered Plaintiff's ability to perform the job of receptionist (DOT 237.367-010), the job the ALJ found Plaintiff capable of performing at step five. At the hearing, the VE testified that the receptionist job requires transferable skills that Plaintiff had from her work as an administrative assistant (Tr. 49-55). The ALJ noted this in his decision (Tr. 31)

### 3) Breaks and absences

Similarly, Plaintiff complains that the ALJ erred by failing to adopt Mr. Heartsill's opinions regarding her need to take additional breaks during the workday and to be absent from work for three days a month. Mr. Heartsill's opinions concern issues reserved for the Commissioner. *See* C.F.R. § 404.1520b(c)(1)-(3). In his decision, the ALJ considered Plaintiff's RFC and discussed the typical breaks and absences tolerated (Tr. 29). The ALJ is not obliged to provide any analysis on how he considered evidence that is inherently neither valuable nor persuasive, namely including statements on issues reserved for the Commissioner. *See* 20 C.F.R. § 404.1520b(c)(3).

To the extent that Plaintiff *generally* asserts that the ALJ's vocational determination is flawed, I find the ALJ did not err in concluding that Plaintiff did not

satisfy her burden of proving that she could not perform her past relevant work as she performed the work or as the work is generally performed in the national economy. *See* 20 C.F.R. § 404.1520(e) ("The regulations require that the claimant not be able to perform his past kind of work, not that he merely be unable to perform a specific job he held in the past.").   Although a claimant has the burden of showing she can no longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record.  *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987).  Thus, an ALJ must consider all the duties of a claimant's past relevant work and evaluate her ability to perform it "in spite of" her impairments.  *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 831 (11th Cir. 2013).  To this end, Social Security Ruling 82-62 requires the ALJ at step four to make "the following specific findings of fact: 1) A finding of fact as to the individual's RFC; 2) A finding of fact as to the physical and mental demands of the past job/occupation; 3) A finding of fact that the individual's RFC would permit a return to his or her past job or occupation."   SSR 82-62, 1982 WL 31386, at *4.  A claimant is the primary source for vocational documents; in fact, "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work."  *Id*. at *3.

At the administrative hearing, the VE testified that a hypothetical person with Plaintiff's RFC is capable of performing her past relevant work as an administrative assistant both as actually performed and as generally performed in the national economy given her RFC and the occupation as described by the VE and in the DOT

(Tr. 29-30).  *See Simpson v. Comm'r of Soc. Sec.*, 423 Fed. App'x 882, 884 (11th Cir. 2011)

("The ALJ may rely on a VE's testimony regarding the physical and mental demands

of the claimant's past work. The ALJ also may consider the job descriptions set forth

in the DOT").  As stated previously, neither Plaintiff nor her counsel objected to the

classification of Plaintiff's prior work as that of an administrative assistant prior to, at,

or after the administrative hearing.  Nor were any objections made in the request for

review of the ALJ's decision.  *See* Doc. 19 at 8.  During the VE's testimony, Plaintiff's

counsel failed to elicit testimony or cross-examine the VE about Plaintiff's past work

as an administrative assistant (Tr. 49-55).  And, Plaintiff described her past job at Mayo

Clinic as that of an administrative assistant (Tr. 43, 191, 192, 255).  Accordingly, I find

Plaintiff failed to meet her burden of proving that she could not perform her past

relevant work as an administrative assistant as generally performed in the national

economy.  *See Waldrop,* 379 F. App'x at 953 (citing *Jackson*, 801 F.2d at 1293-94).

Moreover, the record supports the ALJ's finding that Plaintiff's past work was that of

an administrative assistant.  I conclude that the ALJ's decision that Plaintiff can

perform her past relevant work as an administrative assistant "as actually and generally

performed" (Tr. 31) is supported by substantial evidence.

Nonetheless, in this case the ALJ advanced to step five and identified another

job, the job of receptionist (DOT 237.367-010), that Plaintiff can perform given her

RFC and vocational factors (Tr. 30-31).  Thus, as the Commissioner submits, even if

the ALJ erred in finding that Plaintiff could perform her past relevant work, such error

was harmless since the ALJ advanced to step five.  *See generally Holder v. Berryhill*, No.

4:17-CV-318-VEH, 2018 WL 1857061, at *5 (N.D. Ala. April 18, 2018) ("Even if the ALJ did err at Step Four, that error was harmless because he made a proper Step Five determination."); *Frizzio v. Astrue*, No. 6:11-cv-1318-Orl-31TEM, 2012 WL 3668049, at *12 (M.D. Fla. Aug. 7, 2012) ("When an ALJ has committed error at step four, it may be harmless error if her alternative finding at step five is correct."); *but see Mann v. Comm'r of Soc. Sec.*, No. 6:12-cv-1276-Orl-GJK, 2013 WL 4734822, at *3 (M.D. Fla. Sept. 3, 2013) ("In the absence of a correct alternative finding at step five, the Court finds that the ALJ's error at step four is not harmless."); *Shortridge v. Astrue*, No. 1:11-cv-71-MP-GRJ, 2012 WL 1598012, at *7 (N.D. Fla. April 3, 2012) (finding error at step four was not harmless because the ALJ did not make an alternative finding at step five). Plaintiff has not shown that she in incapable of performing the alternate job of receptionist. Thus, I find that the ALJ's decision is supported by substantial evidence.

IV.    *Conclusion*

Accordingly, after consideration, it is hereby

ORDERED:

1.    The decision of the Commissioner is affirmed.

2.    The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 16th day of November, 2022.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record